29,948-10

DATE 10-12-2015

ABEL ACOSTA
SUPREME COURT BUILDING
AUSTIN COURT OF CRIMINAL APPEALS
P.O. BOX 12308
AUSTIN, TEXAS 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 16 2015

Abel Acosta, Clerk

RE: AFFIDAVIT OF DANIEL VILLA FOR CAUSE NO. 2006-412699-B AND CAUSE NO. 2006-412699-C

DEAR CLERK,
ENCLOSE PLEASE FIND APPLICANTS AFFIDAVIT OF DANIEL VILLA FOR CAUSE NO. 2006-412699-B AND CAUSE NO. 2006-412699-C THAT YOU WILL BE RECEIVING ANY DAY NOW, IN THE ABOVE STYLED AND NUMBER CAUSE'S, PLEASE FILE THIS AFFIDAVIT AND BRING IT TO THE ATTENTION OF THE COURT FOR CAUSE NO. 2006-412699-B THAT IS UNDER REVIEW RIGHT NOW.
A COPY OF THIS MOTION WILL BE SERVED ON THE DISTRICT ATTORNEY AT P.O. BOX 10536, LUBBOCK, TEXAS 79408-3536.
THANK YOU FOR YOUR ASSISTANCE IN THIS MATTER.

RESPECTFULLY SUBMITTED
Daniel Villa #1386118
EASTHAM UNIT 12-5
2665 PRISON RD. #1
LOVELADY, TEXAS 75851

NO. 2006-412699-B AND C

## AFFIDAVIT OF DANIEL VILLA

MY NAME IS DANIEL VILLA. I AM CURRENTLY IN-
CARCERATED IN THE (T.D.C.J-ID EASTHAM UNIT) IN
(HOUSTON COUNTY) TEXAS (TDCJ) NUMBER IS (1386118), I
AM FULLY COMPETENT TO MAKE THIS AFFIDAVIT AND HAVE
PERSONAL KNOWLEDGE OF THE FACTS STATED HEREIN.
I WISH TO STATE AS FOLLOWS:

I WAS THE DEFENDANT IN THIS FELONY DWI CASE
OF THE STATE OF TEXAS V. DANIEL VILLA. I AM THE APPLICANT
IN THE WRIT OF HABEAS CORPUS IN THE ABOVE STYLED ACTION
NUMBER DO STATE THAT ON THE DATE OF JUNE 5, 2006 AND
JUNE 6, 2006 DURING MY TRIAL A 2001 DWI FELONY WAS
NEVER INTRODUCE OR SUBMITTED DURING THE GUILT/INNO-
CENCE OF MY TRIAL. I SWEAR UNDER OATH THAT IT IS
NO WHERE IN REPORTERS RECORD SHOWING IT WAS SUBMITTED
DURING GUILT/INNOCENCE OF MY TRIAL. I HAVE MY RECORDS
AND THE ONLY PLACE IT IS SUBMITTED TO THE COURT IS
DURING THE PUNISHMENT PHASE.

THE ASSISTANT ATTORNEY GENERAL STATEMENT MADE
IN RESPONSE TO 2254 TO (CLAIM 1A) WAS BUT VILLA'S
PRIOR CONVICTIONS DID NOT MEET THE 10 YEAR RULE
REQUIREMENTS OF PENAL CODE 49.09 (E)(3) BECAUSE HE
WAS CONVICTED OF ANOTHER DWI OFFENSE ON APRIL 27,
2001 WITHIN TEN (10) YEARS OF THE 1992 CONVICTIONS. 8 R.R.
STATES EXHIBIT 7. THE REASON THE ASSISTANT ATTORNEY
GENERAL MADE THIS STATEMENT IS BECAUSE THATS THE ONLY
WAY TO STOP THE JUDGE FROM GRANTING THE EX POST FACTO

P. 1

AND TEN (10) YEAR RULE.

BUT WHEN SHE MADE THAT STATEMENT THERE IS NO RE-PORTER'S RECORD TO SHOW IT WAS INTRODUCE DURING CASE IN CHIEF, WHICH WAS ALSO A REQUIREMENT UNDER WEAVER V. STATE, 56 S.W. 3d. 896, 899 (TEX. APP. TEXARKANA 2001) AND WEAVER V. STATE, 87 S.W. 3d. 557 (COURT OF CRIMINAL APPEALS OF TEXAS EN BANC SEPT. 11, 2002). THAT WHY THIS IS FRAUD OR MISTAKE OR PERJURY ON THE COURT, BECAUSE IT WAS NOT SUBMITTED TO THE TRIAL COURT DURING GUILT/INNO-CENCE. THE STATEMENT WAS JUST SAID TO STOP THE FEDERAL JUDGE FROM GRANTING THE EX POST FACTO CLAIM, AND TO STOP THE 10 YEAR RULE. BY WITHHOLDING THIS EVIDENCE HAS ALSO VIOLATED TEXAS PENAL CODE 49.09 (F), THAT WAS STILL INEFFECT ON AUGUST 27, 2005 THE DAY OF APPLICANTS CRIME. PLEASE SEE RODRIQUEZ V. STATE, 31 S.W. 3d. 359 (TEX. APP. SAN ANTONIO 2000), AND PHILLIPS V. STATE, 992 S.W. 2d. 492 (TEX. CRIM. APP. 1999). BY APPLICANTS BELEIVE AND UNDER-STANDING OF THESE CASES HIS RIGHTS HAVE BEEN VIOLATED UNDER PENAL CODE 49.09 (F) AND EX POST FACTO AND 10 YEAR RULE, DUE PROCESS AND EQUAL PROTECTION OF THE LAW.

FURTHER AFFIANT SAITH NOT.

RESPECTFULLY SUBMITTED

Daniel Villa #1386118

EASTHAM UNIT 12-S

2665 PRISON RD. #1

LOVELADY, TEXAS 75851

## INMATE'S DECLARATION

I, DANIEL VILLA #1386118, AM THE APPLICANT AND BEING PRESENTLY INCARCERATED IN EASTHAM UNIT, LOVELADY, TEXAS, DECLARE UNDER PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE ABOVE APPLICATION ARE TRUE AND CORRECT.

SIGNED ON OCT. 12, 2015.

RESPECTFULLY SUBMITTED

DANIEL VILLA #1386118

Daniel Villa #1386118

EASTHAM UNIT 12-5

2665 PRISON Rd. #1

LOVELADY, TEXAS 75851

CAUSE NO. 2006-412699-B

ABEL ACOSTA
SUPREME COURT BUILDING
AUSTIN COURT OF CRIMINAL APPEALS
P.O. BOX 12308
AUSTIN, TEXAS 78711

RE: APPLICANT'S REQUEST'S BASE ON THE DRETKE V. HALEY
REQUIREMENT APPLICANT REQUEST'S FOR AN ORDER RE-
MANDING THE APPLICATION BACK TO THE TRIAL COURT TO
CORRECT A PROCEDURE, OR IN THE ALTERNATIVE APPLICANT
REQUESTS FOR A EVIDENTIARY HEARING.
DEAR CLERK,                                    DATE 10-12-15
    ENCLOSE PLEASE FIND APPLICANTS REQUEST BASE ON
THE DRETKE V. HALEY, REQUIREMENT APPLICANT REQUESTS
FOR AN ORDER REMANDING THE APPLICATION BACK TO THE TRIAL
COURT TO CORRECT A PROCEDURE, OR IN THE ALTERNATIVE
APPLICANT REQUESTS FOR A EVIDENTIARY HEARING, IN
THE ABOVE STYLED AND NUMBER CAUSE. PLEASE FILE THIS
AND BRING IT TO THE ATTENTION OF THE COURT.
    A COPY OF THIS MOTION WILL BE SERVED ON THE
DISTRICT ATTORNEY AT P.O. BOX 10536, LUBBOCK, TEXAS 79408-3536.
    THANK YOU FOR YOUR ASSISTANCE IN THIS MATTER.

                        RESPECTFULLY SUBMITTED
                        Daniel Villa #1386118
                        EASTHAM UNIT 12-5
                        2665 PRISON Rd. #1
                        LOVELADY, TEXAS 75851

CAUSE NO. 2006-412699-B

DISTRICT CLERK
BARBARA SUCSY
ROOM 105, COURTHOUSE
P.O. BOX 10536
LUBBOCK, TEXAS 79408

RE: APPLICANTS REQUESTS BASE ON THE DRETKE V. HALEY REQUIREMENT APPLICANT REQUESTS FOR AN ORDER RE-MANDING THE APPLICATION BACK TO THE TRIAL COURT TO CORRECT A PROCEDURE, OR IN THE ALTERNATIVE APPLICANT REQUESTS FOR A EVIDENTIARY HEARING.

DEAR CLERK,                                    DATE 10-12-15

ENCLOSED PLEASE FIND APPLICANTS REQUEST BASE ON THE DRETKE V. HALEY, REQUIREMENT APPLICANT REQUESTS FOR AN ORDER REMANDING THE APPLICATION BACK TO THE TRIAL COURT TO CORRECT A PROCEDURE, OR IN THE ALTERNATIVE APPLICANT REQUESTS FOR A EVIDENTIARY HEARING, IN THE ABOVE STYLED AND NUMBER CAUSE PLEASE FILE THIS AND BRING IT TO THE ATTENTION OF THE COURT.

A COPY OF THIS MOTION WILL BE SERVED ON THE DISTRICT ATTORNEY AT P.O. BOX 10536, LUBBOCK, TEXAS 79408-3536.

THANK YOU FOR YOUR ASSISTANCE IN THIS MATTER.

RESPECTFULLY SUBMITTED
Daniel Vella # 1386118
EASTHAM UNIT 12-5
2665 PRISON Rd. # 1
LOVELADY, TEXAS 75851

| | |
|---|---|
| DANIEL VILLA | § IN THE 137th DISTRICT COURT |
| V. | § OF |
| STATE OF TEXAS | § LUBBOCK, COUNTY, TEXAS |

APPLICANT REQUEST'S BASE ON THE DRETKE V. HALEY, REQUIREMENT APPLICANT REQUESTS FOR AN ORDER REMANDING THE APPLICATION BACK TO THE TRIAL COURT TO CORRECT A PROCEDURE, OR IN THE ALTERNATIVE APPLICANT REQUESTS FOR A EVIDENTIARY HEARING.

TO THE HONORABLE COURT OF CRIMINAL APPEALS;

NOW COMES DANIEL VILLA #1386118, APPLICANT IN THE ABOVE STYLED CAUSE AND MAKES AND FILES THIS THE APPLICANT'S REQUEST BASE ON THE DRETKE V. HALEY, 541 U.S. 386, 158 L.ED.2d. 659, 124 S.CT. 1847 (2004), REQUIREMENT APPLICANT REQUESTS FOR AN ORDER REMANDING THE APPLICATION BACK TO THE TRIAL COURT TO CORRECT A PROCEDURE, OR IN THE ALTERNATIVE APPLICANT REQUEST'S FOR A EVIDENTIARY HEARING.

GROUNDS FOR RELIEF IN THE TRIAL COURT

(1) EX POST FACT VIOLATION

(2). INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

(3). ACTUAL INNOCENCE BASED ON NEWLY DISCOVERED EVIDENCE.

THE CLAIMS RAISED IN THIS CURRENT APPLICATION ARE BEING CHALLENGE BY THE STATE A PROCEDURALLY DEFAULTED FOR THE REASON THAT, "THE SUBSTANTIVE CLAIMS MADE IN APPLICANTS CURRENT WRIT APPLICATION CLAIMS OF AN EX

POST FACTO VIOLATION, INEFFECTIVE ASSISTANCE OF COUNSEL, AND ACTUAL INNOCENCE BASE ON NEWLY DISCOVERED EVIDENCE THAT THE STATE HAS VIOLATED PENAL CODE 49.09 (F) THAT WAS IN EFFECT ON AUGUST 27, 2005 THE DAY OF APPLICANTS CRIME, AND EITHER WERE OR COULD HAVE BEEN RAISE IN APPLICANTS A-APPLICATION SINCE THE FACTUAL BASES FOR THE CLAIMS WERE AVAILABLE AT THE TIME APPLICANT FILE HIS A-APPLICATION, "HOWEVER, THE STATE, IN MAKING THAT ASSERTION, ATTEMPTS TO SEPARATE THE TRUE BASES OF APPLICANTS CLAIMS BY EMPLOYING THE PHRASES "LEGAL ASSERTION" AND "FACTUAL BASES" AND PROCEEDS TO CONTEND THAT, "THE FACTUAL BASES FOR APPLICANTS THREE GROUNDS FOR RELIEF (I.E., THE RECORD EVIDENCE AND APPLICANT'S PREVIOUS CRIMINAL HISTORY) WERE AVAILABLE AT THE TIME APPLICANTS A-APPLICATION WAS FILED." THE STATES RESPONSE, FILED BY WAY OF "STATES PROPOSED CONVICTING COURT'S FINDING OF FACTS, CONCLUSIONS OF LAW AND RECOMMENDATION TO THE COURT OF CRIMINAL APPEALS ON APPLICANTS ART. 11.07 APPLICATION FOR WRIT OF HABEAS CORPUS," SEEKS TO PERSUADE THE TRIAL COURT TO ADOPT FINDINGS OF FACT NOT INVESTIGATED BY THE TRIAL COURT AND THEREFORE WOULD NOT BE PROPERLY EFFECTIVE FOR THIS COURT'S ACCEPTANCE. APPLICANTS REQUESTS THIS COURT TO DISREGARD THE ADOPTED FINDING AND PROCEED TO THE FACTS AS THEY APPEAR OF RECORD.

BASE ON THE DRETKE V. HALEY REQUIREMENT 541 U.S. 386, 158 L.ED.2d, 659, 124 S.CT. 1847 (2004) THE UNITED STATES SUPREME COURT OBSERVED THAT:

"WE ARE ASKED IN THE PRESENT CASE TO EXTEND THE ACTUAL INNOCENCE EXCEPTION TO PROCEDUAL DEFAULT OF CONSTITUTIONAL CLAIMS CHALLENGING NON CAPITAL

P. 2

SENTENCING ERROR, WE DECLINE TO ANSWER THE QUESTION IN THE POSTURE OF THIS CASE AND INSTEAD HOLD THAT A FEDERAL COURT FACED WITH ALLEGATION OF ACTUAL INNO-CENCE WHETHER OF THE SENTENCE OR OF THE CRIME CHARGED, MUST FIST ADDRESS ALL NON DEFAULTED CLAIMS FOR COMPAR-ABLE RELIEF AND OTHER GROUNDS FOR CAUSE TO EXCUSE THE PROCEDURAL DEFAULT.

THIS ADVOIDANCE PRINCIPLE WAS IMPLICIT IN CARRIER ITSELF, WHERE WE EXPRESSED CONFIDENCE THAT, "FOR THE MOST PART, "VICTIMS OF FUNDAMENTAL MISCARRIAGE OF JUSTICE WILL MEET THE CAUSE-AND-PREJUDICE STANDARD," 477 U.S. AT 495-496, 91 L.ED. 2d 397, 106 S.CT. 2639 (QUOTING ENGLE V. ISAAC, 456 U.S. 107, 135, 71 L.ED. 2d. 783, 102 S.CT. 1558 (1982). OUR CONFIDENCE WAS BOLSTERED BY THE AVAILABILITY OF IN-EFFECTIVE ASSISTANCE OF COUNSEL CLAIMS-EITHER AS A GROUND FOR CAUSE OR AS A FREESTANDING CLAIM FOR RELIEF TO SAFEGUARD AGAINST MISSCARRIAGES OF JUSTICE. THE EXISTENCE OF SUCH SAFE GUARDS, WE OBSERVED, "MAY PROPERLY INFORM THIS COURT'S JUDGEMENT IN DETERMINING [W]HAT STANDARDS SHOULD GOVERN THE EXERCISE OF THE HABEAS COURTS EQUITABLE DISCRETION WITH RESPECT TO PROCED-URALLY DEFAULTED CLAIMS, "CARRIER SUPRA, AT 496, 91 L.ED. 2d, 397, 106 S.CT. 2639 (QUOTING REED V. ROSS, 468 U.S. 1, 9, 82 L.ED. 2d. 1, 104 S.CT. 2901 (1984).

IN HALEY, THE PETITIONER (THE STATE) CONCEDED AT ORAL ARGUMENT THAT THE RESPONDENT HAD A VIABLE AND "SIGNI-FICANT" INEFFECTIVE OF COUNSEL CLAIM. THE COURT AGREED WITH THE PETITIONER STATING THAT, "THERE IS A VERY SIGNI-FICANT ARGUMENT OF INEFFECTIVE ASSISTANCE OF COUNSEL". THE COURT OBSERVED THAT, "SUCCESS ON THE MERITS WOULD

GIVE RESPONDENT ALL OF THE RELIEF HE SEEKS - I.E.,
RESENTENCING, IT WOULD ALSO PROVIDE CAUSE TO EXCUSE
THE PROCEDURAL DEFAULT OF HIS SUFFICIENCY OF THE
EVIDENCE CLAIM."

## II.

### GROUND 2

APPLICANT ARGUES THAT TRIAL COUNSEL WAS IN-
EFFECTIVE WHEN HE FAIL TO OBJECT THAT THERE WAS
NO INTERVENING CONVICTION SUBMITTED TO THE TRIAL
COURT DURING CASE IN CHIEF.

UNDER THE SUPREME COURTS DECISION IN STRICKLAND
V. WASHINGTON, 466 U.S. 668 (1984) WHICH HAS BEEN ADOPTED
BY THE COURT OF CRIMINAL APPEALS OF TEXAS IN HERNANDEZ
V. STATE, 726 S.W. 53 (TEX. CRIM. APP. 1986), A HABEAS APPLICATION
NEED TO SHOW THAT THE COMPLAINED OF ACT AND OMISSIONS
ON THE PART OF HIS DEFENSE COUNSEL WAS OBJECTIVELY
UNREASONABLE UNDER PREVAILING PROFESSIONAL NORMS
AND THAT HE WAS SUFFICIENTY PREJUDICE BY HIS COUNSEL'S
MISTAKES.

APPLICANT REQUESTS BASE ON THE DRETKE V. HALEY
REQUIREMENT APPLICANT REQUESTS FOR AN ORDER RE-
MANDING THE APPLICATION BACK TO THE TRIAL COURT TO
COMPELL THE STATE TO SHOW THEY INTRODUCE THE 2001
DWI CONVICTION DURING CASE IN CHIEF OR ELSE TO
CORRECT THIS PROCEDURE DEFAULT? ALSO TO DETERMINE
IF COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO
NO INTERVENING CONVICTION BEING SUBMITTED TO TRIAL
COURT? APPLICANT ALSO WOULD ASK THE COURT IN THE
ALTERNATIVE APPLICANT REQUESTS FOR A EVIDENTIARY HEARING
TO DETERMINE IF HE WAS PREJUDICE BY HIS COUNSEL AND SENTENCE?

P.4

APPLICANT STATE PRISONER PETITIONS FOR STATE HABEAS RELIEF, ALLEGING THAT EVIDENCE WAS AND IS INSUFFICIENT TO SUPPORT HIS HABITUAL OFFENDER SENTENCE, AND THAT HIS COUNSEL WAS INEFFECTIVE, THE ONLY WAY FOR THIS COURT TO RESOLVE THIS IS COOMPEL THE STATE TO SHOW THAT THEY INTRODUCE IT DURING CASE IN CHIEF AND TO PROVE THEY HAVE NOT VIOLATED PENAL CODE 49.09 (F).

APPLICANT KNEW IT WAS BEING USED THE (2001 DWI CONVICTION) TO START HIS SENTENCE AT 25 TO LIFE, BECAUSE BY ... THE INDICTMENT UNDER FELONY ENHANCEMENTS, IT SHOWS THE 2001 FELONY DWI. APPLICANT HAS ALWAYS WONDER IF THE STATE HAD VIOLATED THE EX POST FACTO CLAUSE EITHER BY THE 2001 STATUE OR THE STATUE OF SEPTEMBER 1, 2005 WHERE THE 10 YEAR RULE WAS REPEALED. SO IF THE 2001 FELONY DWI WAS USE ILLEGALLY AND THE 1992 MISDEMBANORS WERE PASS TEN YEARS, WHAT WAS USE TO ELEVATE APPLICANT'S CASE TO A THIRD DEGREE FELONY? JUST AS THE ATTORNEY GENERAL'S OWN "OMISSION" VERIFIY THAT FROM 1992 TO 2005 THEY WERE PAST 10 YEARS! HAD THE 2001 FELONY DWI BEEN USED TO ELEVATE, THEN IT COULD NOT HAVE BEEN USE TO CHARGE APPLICANT AS A HABITUAL OFFENDER UNDER PENAL CODE 49.09 (F) THAT WAS STILL INEFFECT ON AUGUST 27, 2005. PLEASE SEE RODRIQUEZ V. STATE, 31 S.W. 3d. 359 (TEXAS APP. SAN ANTONIO 2000), PHILLIPS V. STATE, 992 S.W. 2d. 492 (TEX. CRIM. APP. 1999). IT IS ALSO HERE APPLICANT HAS STUDIED PENAL CODE 49.09 (F) WHERE IT STATES A CONVICTION MAYBE USE FOR PURPOSE OF ENHANCEMENT UNDER THIS SECTION OR ENHANCEMENT UNDER SUBCHAPTER (D) CHAPTER 12, BUT NOT UNDER BOTH THIS SECTION AN SUBCHAPTER D.

P. 5

SEVERAL CASES HAVE GONE INTO SOME DETAIL REGARDING THE LEGISLATIVE HISTORY OF § 49.09 AND ITS VARIOUS INCARNATION INCLUDING THE ADDITION OF SUBPART (3), ONE OF WHICH IS GETTS v. STATE, I BID, IT IS DURING THIS DISCUSSION I LEARN THE INPORTANCE OF THIS SUBPART. THE CORRECT STATEMENT OF THE ISSUE IS THAT THE 1984 CONVICTION WAS TO REMOTE BECAUSE THE CONVICTION OCCURRED TEN YEARS PRIOR TO THE 2002 DWI OFFENSE AND THERE WAS NO INTERVENING INTOXICATED RELATED CONVICTION. SEE GETTS v. STATE, 156 S.W.3d, 593, IT IS ALSO IN WEAVER v. STATE, 56 S.W.3d, 896, 899 (TEX. APP. TEXARKANA 2001) AND WEAVER v. STATE, 87 S.W.3d, 557, COURT OF CRIMINAL APPEALS OF TEXAS, EN BANC, SEPTEMBER 11, 2002 THAT I LEARN WHEN THIS ISSUE IS BROUGHT UP BEFORE THE COURT, THE STATE MUST BE READY TO CLEARLY AND DISTINCTLY ARGUE THE LAW. BECAUSE, ONCE AGAIN NOT ONLY DOES THE STATUE REQUIRE THAT THE CONVICTION FOR PRIOR MISDEMEANORS BE OVER "TEN YEARS OLD BUT THAT THOSE MISDEMEANORS BE PROVEN AS AN "OFFER OF PROOF" THIS PROOF CAN BE MADE BY HAVING AN EXPERT COMPARE FINGERPRINTS WHICH IS HOW THE STATE PROVED THE PRIOR MISDEMEANORS IN THE GUILT/INNOCENCE PHASE OF UDLA'S TRIAL, BUT THE DISTRICT ATTORNEY MUST ALSO PROVE THE EXISTENCE OF AN "INTERVENING CONVICTION", WHICH DID NOT HAPPEN DURING GUILT/INNOCENCE AND THEREFORE THE INTERVENING CONVICTION WAS NOT SUBMITTED TO THE JURY OR TO THE JUDGE DURING GUILT/INNOCENCE, A CRITIAL STEP SINCE APPLICANT PLEA NOT TRUE TO ALL ENHANCEMENTS.

APPLICANT IS CHALLENGING HIS SENTENCE THEREFORE 11.07 SEC. 4 (A) SHOULD NOT BE APPLY HERE BECAUSE THEN 11.07 SECT. 4 (A) WOULD BE AMBIGUOUS. A COURT MAY

P.6

CONSIDER THE MERITS OF OR GRANT RELIEF BASED ON THE SUBSEQUENT APPLICATION IF THE APPLICATIONS CONTAINS SUFFICIENT SPECIFIC FACTS ESTABLISHING THAT:

(1) APPLICANT CONTENDS THE CURRENT CLAIMS AND ISSUES HAVE NOT BEEN AND COULD NOT HAVE BEEN PRESENTED PREVIOUSLY IN AN ORIGINAL APPLICATION OR IN A PREVIOUSLY CONSIDERED APPLICATION FILED UNDER THIS ARTICLE BECAUSE THE FACTUAL OR LEGAL BASIS FOR THE CLAIM WAS UNAVAILABLE ON THE DATE THE APPLICANT FILED THE PREVIOUS APPLICATION; OR

(2), BY A PREPONDERANCE OF THE EVIDENCE, BUT FOR A VIOLATION OF THE UNITED STATES CONSTITUTION NO RATIONAL JUROR COULD HAVE FOUND THE APPLICANT GUILTY BEYOND A REASONABLE DOUBT.

(B). FOR PURPOSE OF SUBSECTION (A)(1), A LEGAL BASIS OF A CLAIM IS UNAVAILABLE ON OR BEFORE A DATE DESCRIBED BY SUBSECTION (A)(1) IF THE LEGAL BASIS WAS NOT RECOGNIZED BY AND COULD NOT HAVE BEEN REASONABLY FORMULATED FROM A FINAL DECISION OF THE UNITED STATES SUPREME COURT, A COURT OF APPEALS OF THE UNITED STATES, OR A COURT OF APPELLATE JURISDICTION OF THIS STATE ON OR BEFORE THAT DATE.

(C). FOR PURPOSE OF SUBSECTION (A)(1), A FACTUAL BASIS OF A CLAIM IS UNAVAILABLE ON OR BEFORE A DATE DESCRIBED BY SUBSECTION (A)(1) IF THE FACTUAL BASIS WAS NOT ASCERTAINABLE THROUGH THE EXERCISE OF REASONABLE DILIGENCE ON OR BEFORE THAT DATE.

APPLICANT HAS MET HIS BURDEN OF SHOWING THAT EITHER EXCEPTION ENUMERATED IN ARTICLE 11.07 § 4 (A)

IS APPLICABLE HERE BY APPLING THE DRETKE V. HALEY, 124 S.CT. 1847 APPLICATION.

## III.

THE STATUTE IN EFFECT AT THE TIME APPLICANT ENTERED HIS PLEA IN THE EARLIER DWI'S CASES SPECIFICALLY RESTRICTED THE USE OF THOSE CONVICTIONS AS REMOTE IF ANOTHER OFFENSE WAS COMMITED MORE THAN 10 YEARS FROM THE DATE THE CONVICTIONS WERE FINAL. THE CONVICTIONS WERE FINAL NO LATER THAN NOVEMBER 13, 1992 WHICH WAS THE DATE OF HIS JUDGEMENT AND SENTENCE. THE AMENDED STATUTE EXTENDED THE REMOTENESS RULE. THIS EXTENSION OF THE REMOTENESS DATE OCCURRED AFTER APPLICANT HAD PLEA GUILTY AND WAS SENTENCE IN THE PREVIOUS CASES. APPLICANT HAD A RIGHT TO RELY UPON THE IMPLICIT AND EXPLICIT LIMITATION OF THE EARLIER VERION OF THE STATUTE. APPLYING THE NEW STATUE TO HIM AND EXTENDING THE REMOTENESS DATE CONSTITUTES AN EX POST FACTO APPLICATION OF THE STATUE AS TO APPLICANT.

TO NOT FOLLOW THE LAW IN EFFECT AT THE TIME OF THE 1992 CONVICTION WILL ALLOW THE ATTORNEY GENERAL TO COMMITT FRAUD ON THE COURT, OR MISTAKE, OR PERJURY, AND ALLOW THE 10 YEAR RULE TO BE VIOLATED ALONG WITH THE EX POST FACTO CLAIM.

WHEN COUNSEL FAIL TO OBJECT THAT THERE WAS NOT A INTERVENING CONVICTION SUBMITTED TO THE TRIAL COURT HAS BEEN THE CAUSE OF THE STATE WITHHOLDING EVIDENCE AND NOW HAS PREJUDICE APPLICANT.

APPLICANT HAS BEEN PREJUDICE BY THE CHARGE BEING A FELONY INSTEAD OF A MISDEMEANOR. APPLICANT WAS PREJUDICE BY SENTENCE WHEN APPLICANT WAS

P.8

SENTENCE TO LIFE IN PRISON INSTEAD OF A MISDE-MEANOR. BY THE ASSISTANT ATTORNEY GENERAL AND DISTRICT ATTORNEYS COMMITTING THESE PROCEDURAL DEFAULTS, FRAUD, OR MISTAKE OR PERJURY STILL RESULTS IN VIOLATION OF THE EX POST FACTO, STILL EXTENDS THE TIME ON HOW THE 10 YEARS RULE IS MEASURED AND STILL RESULTS IN VIOLATION OF APPLICANTS DUE PROCESS, EQUAL PROTECTION AND PENAL CODE 49.09 (F).

APPLICANT HAS MET THE EXEMPTION OF STATE DEFAULTS BY SHOWING THE STANDARDS OF "CAUSE AND PREJUDICE" WHEN THERE IS A INEFFECTIVE ASSISTANCE COUNSEL MURRY V. CARRIER, 477 U.S. 496, 91 L.ED.2d. 397, 106 S.CT. 2639 (1986). DEFAULT CAUSE BY GOU'T MISREPRESENTION PARKUS V. DELO, 33 F.3d. 933 (CA 8, 1994), BRADY MATERIALS WITHHELD IS CAUSE FOR DEFAULT, SCOTT V. MULLIN, 303 F.3d. 1222 (CA, 2002) ACTUAL INNOCENCE EXEMPTION, MISCARRIAGE OF JUSTICE, SCHLUP V. DELO, 513 U.S. 299, 130 L.ED.2d. 808, 115 S.CT. 851 (1995), AND OF COURSE THE DRETKE V. HALEY REQUIREMENT, 541 U.S. 386, 158 L.ED.2d. 659, 124 S.CT. 1847 (2004).

THIS COURT AND THE COURT OF CRIMINAL APPEALS IS ASKED DUE TO THIS NEWLY DISCOVERY EVIDENCE IS ASK THAT ABSENT SUCH DISCOVERY IE THE APPLICANTS RIGHT UNDER ARTICLE 39.14 C.C.P. ART. 1 SECTION 10 OF THE CONSTITUTION OF THE STATE OF TEXAS AND THE FOURTH, FIFTH, SIXTH, AND FOURTEETH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA HAS BEEN VIOLATED TO HIS IRREPAR-ABLE INJURY AND THUS DEPRIVE THE DEFENDANT OF A FAIR TRIAL HEREIN.

PLEASE SEE AFFIDAVIT.

P. 9

## PRAYER

APPLICANT PRAYS THIS COURT GRANT APPLICANT'S REQUEST FOR AN ORDER REMANDING THE APPLICATION BACK TO THE TRIAL COURT TO CORRECT A PROCEDURE, OR IN THE ALTERNATIVE, APPLICANT'S REQUEST FOR AN EVIDENTIARY HEARING.

RESPECTFULLY SUBMITTED

Daniel Villa #1386118

EASTHAM UNIT 12-5

2665 PRISON Rd. #1

LOVELADY, TEXAS 75851

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING PLEADING WAS SERVED BY PLACING IN THE INSTITUTIONAL INTERNAL MAILING SYSTEM, POSTAGE PREPAID ON THE 12 DAY OF OCTOBER , 2015. ADDRESS TO DISTRICT CLERK AND A EXRA COPY WILL BE MAILED TO THE DISTRICT ATTORNEY.

RESPECTFULLY SUBMITTED

Daniel Villa #1386118

EASTHAM UNIT 12-5

2665 PRISON Rd. #1

LOVELADY, TEXAS 75851